**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2023**

SAMIR LATIF,

Plaintiff - Appellant,

v.

THE COMMUNITY COLLEGE OF BALTIMORE,

Defendant – Appellee,

and

IRVING MCPHAIL; ANDREW JONES; JAMES KLEIN; RODERICK PULLEN; JEFFREY C. HAHN,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:05-cv-02648-RDB)

Argued: October 28, 2009        Decided: December 9, 2009

Before WILKINSON and NIEMEYER, Circuit Judges, and Anthony J. TRENGA, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert Elmer Cappell, Bowie, Maryland, for Appellant. Clifford Bernard Geiger, KOLLMAN & SAUCIER, PA, Timonium,

Maryland, for Appellee.  **ON BRIEF:** Peter S. Saucier, KOLLMAN &
SAUCIER, PA, Timonium, Maryland, for Appellee

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samir Latif brought a hostile work environment claim based on national origin and a retaliation claim under Title VII, 42 U.S.C. §§ 2000e, et seq. (2006), against his former employer, the Community College of Baltimore. The district court granted summary judgment to the College on both claims. We affirm for the reasons that follow.

Latif was employed as a full-time assistant professor at the College from September 2002 until he was discharged in March 2005. During that time, he received a series of threats related to his nationality. The district court carefully recited the facts surrounding these events in its memorandum opinion, and we adopt its account by reference. See Latif v. Cmty. Coll. of Balt., No. RDB 05-2648, slip op. at 2-10 (D. Md. Aug. 19, 2008).

Latif first claims that he was the victim of a hostile work environment based on his national origin. But, as the district court found, any hostile work environment cannot be imputed to the College, which took reasonable corrective action to address the threats against him. As the district court explained:

> The threats made against Latif were very serious and warranted a serious response by the College. The evidence is undisputed in this case that the College did respond. It investigated each of the incidents internally, reported the threats to the Baltimore County Police Department (which also investigated), sent campus-wide emails asking for people to preserve and turn in any evidence of hate crimes, and offered protective measures to Latif. The College removed

3

certain students from his classes, provided campus escorts, and asked the police to conduct periodic check-ins at his residence. The only reason that the culprits were not punished or criminally prosecuted was that there was no one to take action against. The telephone message was left using a public pay phone, and the notes and flyer were left in public places that could be accessed by virtually the entire community. Despite thorough investigations, neither the campus security team nor the police could identify the individuals responsible for the threats.

Id. at 20 (internal quotations and citations omitted).

Latif next claims that the College fired him in retaliation for a grievance he filed with the College and a discrimination charge he filed with the Equal Employment Opportunity Commission. However, the district court found as a matter of law that was not that case. The College produced several legitimate, non-discriminatory reasons for firing Latif. As the district court explained:

[The College] considered the sexual harassment charges levied against Latif by Kerry Holton, as well as the other female students interviewed during the investigation who mentioned inappropriate comments Latif made to them. Also considered was Latif's use of class time to discuss the cross-complaints of sexual harassment and ask students to be witnesses. The use of a college computer to look at pornography and dating sites was a clear violation of the internet policy. Finally, Latif exhibited a pattern of disruptive behavior in late 2004 and early 2005 ranging from accusing Public Security of forging documents to criticizing the woman who conducted his teaching evaluation.

Id. at 24-25.

4

Latif has not shown that these reasons were pretext for retaliation. As the district court observed, Latif does "not point to any specific evidence to create a genuine issue of material fact aside from his own affidavit which, . . . offers many conclusions that are not based on his own personal knowledge." Id. at 26.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.